EMMA MCCATHRAN v. COLUMBUS TRANSFER CO. ET AL.

1. **Allegations of Conspiracy and False Testimony Sufficient to Support Petition for Vacation of Judgment.**

   A petition containing allegations of a conspiracy to secure judgment by means of false testimony, which false testimony was given at the trial and a judgment obtained which was based thereon, states a good cause of action for vacation of said judgment and the award of a new trial, "for fraud practiced by the successful party in obtaining a judgment or order."

2. **Material Newly Discovered Evidence not Obtainable With Reasonable Diligence at Trial.**

   Evidence of detectives of a transfer company against which an action was brought and judgment obtained by alleged fraudulent conspiracy of plaintiff and her associates averring and on trial fraudulently proving the negligence of one of the company's chauffeurs, describing their visits to the scene of the accident and detailing conversations and acts of plaintiff and her companions (the newly discovered evidence partaking of the nature of confessional statements), while it should be received with caution, is material and its weight determinable by a jury; hence, where it appears that the superintendent of the company immediately after the accident, vainly sought interviews

with parties  and witnesses at the scene of the  accident, and after the death of one of the company's  chauffeurs whom after his death plaintiff first disclosed as the one in fault (denied by the company), interviewed doctors, nurses and internes at the hospital where he died as to any statements made by deceased as to his participation in the accident, shows that the newly discovered evidence could not with reasonable diligence have been discovered and produced at the trial, and an order for new trial, will be affirmed.

[Syllabus approved by the court.]

ERROR.

*Huggins, Huggins & Hoover,* for plaintiff in error.
*C. D. Saviers,* for defendant in error.

## SHIELDS, J.

An action was originally commenced by the plaintiff in error to recover damages against one of the defendants in error herein, the Columbus Transfer Co., for the alleged negligent operation of an automobile resulting in causing her injury. After issue joined by answer and reply the case was submitted to a jury ending in a disagreement. Afterward a second trial was had and the plaintiff in error recovered a verdict and judgment against the said defendant in error, the Columbus Transfer Co., in the sum of $7,540, which the trial judge ordered reduced to the sum of $5,000. By proper proceedings had on the part of said defendant in error, error was prosecuted to the court of appeals of said county to reverse said judgment, which was by said court affirmed. Thereupon the plaintiff in error caused an execution to issue upon said judgment, and while the same was in the hands of the sheriff of said county awaiting action therein, the said defendant in error, brought an action in the court of common pleas of said county against the plaintiff in error to vacate and set aside said judgment for the reasons set forth in the amended and supplemental petition of the plaintiff in error filed herein, upon the hearing of which, after a motion and demurrer to the same were overruled, said judgment was by said court ordered vacated and set aside, and a temporary injunction was granted restraining the enforcement of the collection of said judgment and the levying of said execution issued thereon, to which action of said court in vacating and setting aside said

McCathran v. Transfer Co.

judgment and granting a new trial to the said defendant in error, error is prosecuted in this court to reverse the order and judgment of said court.

While numerous errors are alleged in said petition in error for the reversal of the action of the court below, we will consider only the grounds of error especially urged upon the attention of this court.

The following questions are made upon the record: First, under which subdivision of Sec. 11361 G. C., does said action for the vacation of said judgment fall, if under either? Secondly, if it falls under Subd. 10 of said section, then the contention of the plaintiff in error must prevail, because it is not claimed that there was any conviction for perjury of the successful party in securing said judgment but if it is held not to fall within the provisions of said Subd. 10 of said section, the further question arises, did the defendant in error make a proper and sufficient showing for a new trial upon the grounds of newly-discovered evidence to authorize the court below to grant the same?

That the action begun in the court below is authorized by Secs. 11631 and 11580 G. C., is conceded, and that said action was instituted within the statutory period as required by Sec. 11640 is also conceded, but the controversy here is not what particular statute meets and governs the first question raised, but what particular subdivision of such statute is applicable.

Among the causes enumerated for which a new trial may be granted, after the term at which it was made, are the following:

Section 11631-1. By granting a new trial for the cause within the time and in the manner provided in Sec. 11580.

Section 11631-4. For fraud practiced by the successful part of the successful party, or any witness on his behalf, which

Section 11631-10. (When such judgment or order was obtained, in whole or in a material part, by false testimony on the part of the successful party, or any witness on his behalf, which ordinary prudence could not have anticipated or guarded against, and the guilty party has been convicted.

Without reviewing the allegations in the amended and supplemental petition which are the foundation of this proceeding, and the law which we think applies, we are content to state but

little more than the conclusion we have reached on the first branch of this case, and that is, that we can not see our way clear to hold that this proceeding for a new trial falls within the provisions of Subd. 10 of said Sec. 11631. It is contended on behalf of the plaintiff that the gist of the action is perjured testimony at the trial. Not only is this so, but an examination of the plaintiff's amended and supplemental petition shows it is averred therein that a fraudulent conspiracy was entered into between the plaintiff and her companions in said automobile to recover damages for injuries sustained, in the over-turning of said automobile as herein described, by agreeing to testify upon the trial of the plaintiff's case, and she in turn for them in their cases, that said automobile at the time of said accident was being driven by a chauffeur in the employ of said defendant in error, the Columbus Transfer Co., whereas in truth and in fact said automobile was not so driven; and it is also alleged that said fraudulent conspiracy was carried out and that the plaintiff and her said companions did so testify, and that said judgment was obtained by said plaintiff against the said defendant in error, the Columbus Transfer Co., by means of said false testimony. It thus appears that conspiracy is charged as well as false swearing—an allegation that the action was one for fraud not alone practiced at the trial. While we have read the well prepared and well considered brief of counsel for plaintiff in error with no little interest, treating in an able manner as it does of a variety of subjects relating to the question at issue, we can not agree with said counsel that the holding made in the case of *Baldwin* v. *Sheets*, 39 Ohio St. 624, is not decisive of the question made here. Subdivision 10 of said Sec. 11631 was then as it is now. In that case the Supreme Court held that a petition, containing allegations of a conspiracy and that false testimony was given upon the trial by the defendants therein by which judgment was obtained, stated a good cause of action to vacate the judgment under Subd. 4 of said Sec. 11631.

In this connection counsel for plaintiff in error refer to the case of *Micheal* v. *National Bank*, 84 Ohio St. 370 [95 N. E. 905; 38 L. R. A. (N. S.) 220], and contend that the rule of law announced in that case controls the case at bar. There the court

McCathran v. Transfer Co.

was not considering a case within a statute, but a case in equity, while the case here is one for a new trial based upon a statute. As we view it, that case is clearly distinguishable from the case before us for the additional reason that there was no fraud charged in that case, and the learned judge speaking for the court in said case, expressly states in the opinion on page 382 that:

"The amended petition herein contained no allegation of fraud in the original action on the part of the bank or any one. It is not claimed that the bank perpetrated any fraud at any time on the court or on the defendants, nor that the verdict in that case was the result of fraud. There is no averment that there was any false testimony introduced by the bank."

Here fraud is expressly charged as a result of a conspiracy and false swearing. Without further pursuing this branch of the case, it will be sufficient to state that investigation shows the decision in the case of *Baldwin* v. *Sheets, supra*, has not been reversed or modified, and applying the rule of law laid down in that case to the facts in the case before us, we are of the opinion that the action herein is one for a new trial under Subd. 4 of Sec. 11631.

Having determined that the action does not fall under Subd. 10 of said Sec. 11631, our next inquiry will be to ascertain whether or not the party here applying for a new trial has exercised that degree of diligence contemplated by the law in obtaining the newly-discovered evidence presented as a ground for such new trial.

In the enumeration of causes provided by statute for a new trial, Subd. 7 of Sec. 11576 G. C., as one of the grounds therefor, provides that:

"Newly-discovered evidence material for the party applying, which with reasonable diligence he could not have discovered and produced at the trial."

A reading of the testimony offered in support of the application here made, assuming that the plaintiff in error and others apparently interested in the event of this suit made the statements attributed to them by what are designated as the detective witnesses, leaves no doubt in the mind of this court that such testimony is material to the issue made by the pleadings in the

case, for it is apparent that the liability of the defendant in error, the Columbus Transfer Co., depends upon the fact whether or not its chauffeur or other authorized agent was in active charge of the automobile at the time of the accident. We can not and do not say that the calling or occupation of these detectives discredits their testimony, but that such testimony should be received with caution and carefully scrutinized is enjoined both by the experience of courts and the observation of men generally, and it is not perhaps too much to say that it appears impossible to reconcile the testimony of at least one of these witnesses, being inconsistent as it is, if indeed not open to strong suspicion of being untrue. Granting this, the testimony of the other witnesses describes their visits with the plaintiff in error to the scene of the accident with such minuteness of detail and particularity of statement, which when considered in connection with alleged conversations, partaking of the nature of confessional statements, had by such witnesses with the plaintiff in error and her associates in the saloons mentioned, on the occasions mentioned—such testimony, like all other facts, would be the province of a jury to determine and not the court. True, the plaintiff in error denies the statements of these witnesses, but the history of the events of the night in question are not to be lost sight of in considering the evidence offered. What the effect of this evidence would be upon final trial we are unable to say, but giving to the statements of the witnesses a fair and reasonable construction, would they not likely have weight with a jury? Or stating the rule in this state as laid down in *Ludlow* v. *Park*, 4 Ohio 5, and in *Cleveland, C. C. & I. Ry.* v. *Long,* 24 Ohio St. 133, would the legitimate effect of the testimony of these witnesses be such as to require a different verdict? We are aware that new trials on the ground of newly-discovered evidence are not indiscriminately favored by the law that litigation may not be unnecessarily and indefinitely prolonged, still the same law will not wink at the defeat of justice by condoning wrong at the expense of litigants. We are of the opinion that the testimony of these witnesses is material, and not cumulative, leaving the credibility of such witnesses and the weight of such

witnesses' testimony to the functions of another tribunal to determine.

Under Subd. 7 of said Sec. 11576 it must appear that the newly-discovered evidence for a new trial is not only material, but it must likewise appear that such evidence could not have been discovered before trial by the exercise of reasonable diligence. An examination of the testimony offered upon the hearing in the court below in this respect shows that the superintendent of the Columbus Transfer Co. soon after said accident sought interviews with parties, except the plaintiff in error, whom he supposed could and would give him information touching the incidents and circumstances of said accident, but it appears that they declined to so do. Referring to pages 129 and 130 of the record, the said superintendent, after stating that he had interviewed the witnesses at the scene of the accident, and made an unsuccessful effort to interview others, was interrogated as follows:

"Q. I will ask you to state whether after that you made any efforts, and if so, what efforts you made, in order to ascertain the truth and the facts about the accident? A. I made a great deal of effort; I made all the inquiries I could, and talked with every body that had any connection with it, and tried to find out from the nurses at the hospital whether McCollum made any statement or not.

"Q. Did you talk with any of the doctors? A. And with the doctors, Dr. Howell, and the internes at the hospital, the nurses and also with * * * I believe with Henry Morgan and the boy's mother.

Q. With the exception of the information that you got from Mr. Stouffer, the Pendleton boys and Mr. McCoy as to statements that had been made to them relative as to who had driven the car, were you able to ascertain in any way? A. No, sir; positively not."

From the foregoing it appears that said transfer company was not guilty of laches in endeavoring to ascertain the facts and circumstances of the accident soon after it occurred, but on the contrary it appears to have used reasonable diligence to that end.

Of course the fact is not to be overlooked that McCollum, the chauffeur, died soon after the accident, and that the alleged disclosures of the plaintiff in error as to who was driving and directing the automobile at the time of the accident were not made until just prior to the bringing of this action, hence the said transfer company could not prosecute said action until it obtained said information. In the light of the testimony of the superintendent of the said transfer company, we are of the opinion that the requirements of said Subd. 7 of said Sec. 11576 have been met by said transfer company, and we are further of the opinion that the judgment of the court of common pleas in vacating the judgment rendered in favor of the plaintiff in error and awarding a new trial should be and the same is affirmed.

**Powell** and **Houck, JJ.,** concur.